Filed 5/12/23  In re C.H. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re C.H., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>A.M.,<br><br>    Defendant and Appellant. | G062135<br><br>(Super. Ct. No. 22DP1549)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Daphne G. Sykes, Judge.  Conditionally reversed and remanded with directions.

Clare M. Lemon, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

A.M. (Mother) appeals from the jurisdiction findings and disposition order in which her minor son, C.H. (Minor), was declared a dependent of the court and removed from Mother's custody. Mother's sole contention on appeal is that the juvenile court and Orange County Social Services Agency (the Agency) failed to sufficiently inquire into claims that Minor may have Native American ancestry, as mandated by the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California law (Welf. & Inst. Code, § 224 et seq.).[1] The Agency concedes remand is proper because it hadn't presented enough details of its properly conducted ICWA inquiry to the court below. We accept the Agency's partial concession, conditionally reverse the judgment, and remand this matter for further proceedings.

FACTS

We set forth only those facts needed to resolve the ICWA issue and to provide relevant context.

Minor is twelve years old. Minor's father is deceased. In November 2022, Minor and Mother were staying at the maternal grandmother's home. The Agency received a report that Mother was using drugs, was experiencing delusions and paranoia, and had stolen the grandmother's car in the middle of the night to drive Minor to his maternal grandfather's home. When asked about the driving incident, Minor reported that at some point during the trip Mother pushed in Minor's eyes because she wanted to take the "magnets" out of them. Around five in the morning, Mother parked the car on a hill to watch the sunrise, but left the engine on. When the car began rolling backwards, Minor woke up Mother, who had fallen asleep at the wheel, so she could stop the car.

The Agency applied for and obtained a protective custody warrant. Minor was removed from Mother's custody and placed with the maternal grandmother. As

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

reflected in the Agency's application, the maternal grandmother reported the maternal great-grandfather may have been Native American, possibly belonging to a tribe from Nebraska.

The next day, the Agency filed a petition pursuant to section 300, subdivision (b)(1) and (j), alleging, among other things, that Mother has unresolved mental health issues, an unresolved substance abuse problem, a criminal record, and a long history of substance abuse; that Minor reported that Mother would slap him sometimes on his cheek; that Mother's two other children (Minor's half-sisters) were declared dependents initially due to the parents' substance abuse issues and domestic violence; and that in 2005 Mother's parental rights to Minor's half-sisters were terminated.

The Agency asked Minor's family members about possible Native American ancestry. The paternal grandmother denied having any. Mother and the maternal grandfather reported possible Choctaw ancestry. The maternal grandmother, however, gave conflicting answers: She reported to a social worker that the maternal great-grandfather may have been Native American, possibly belonging to a tribe from Nebraska, but when speaking to another social worker, she denied Native American ancestry in the family. This information was included in the Agency's detention report.

At the detention hearing, Mother repeated her belief that she may have Choctaw heritage based on her grandmother from Oklahoma, while Minor and maternal grandparents stated they had "no clue." The juvenile court (Judge Lindsey E. Martinez) noted that "ICWA may apply," deferred on making the ICWA finding, and ordered the Agency "to continue to investigate possible [Native American ancestry] and provide notice to [the] appropriate tribe, Choctaw."

In its jurisdiction and disposition report, the Agency provided essentially the same ICWA information as it had in its detention report, adding that Minor stated that to his knowledge he did not have Native American ancestry and that the "ICWA Unit

3

Response" was "[p]ending." The jurisdiction and disposition report did not indicate whether notice had been given to the Choctaw tribe.

On December 19, at the jurisdiction and disposition hearing, the juvenile court (Judge G. Daphne Sykes) received both reports into evidence without objection, heard argument from counsel, and sustained the section 300 petition in its entirety. The court declared Minor a dependent of the court, removed him from parental custody, and ordered that Mother receive reunification services. No one raised the ICWA issue at the hearing, and the court did not make any ICWA findings.

DISCUSSION

Mother contends the Agency and the juvenile court failed to make a proper inquiry as to whether Minor may be an Indian child. The Agency concedes the present record does not reflect that a proper inquiry was made. We agree.

Under California law enacted pursuant to ICWA, the Agency and the juvenile court "have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . has been filed, is or may be an Indian child." (§ 224.2, subd. (a); *In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*D.F.*).) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*D.F.*, at p. 566.) At issue here is whether the court and the Agency satisfactorily completed the second phase, the duty of further inquiry.

A duty of further inquiry arises when the Agency or the juvenile court has "reason to believe that an Indian child is involved in a proceeding." (§ 224.2, subd. (e); *D.F.*, *supra*, 55 Cal.App.5th at p. 566.) This duty "includes: (1) interviewing the parents and extended family members to gather required information; (2) contacting the Bureau of Indian Affairs and State Department of Social Services for assistance in identifying the tribes in which the child may be a member or eligible for membership in; and (3) contacting the tribes and any other person that may reasonably be expected to have

4

information regarding the child's membership or eligibility. (§§ 224.2, subds. (e)(1)-(3) & 224.3, subds. (a)(5)(A)-(C); [Cal. Rules of Court] rule 5.481(a)(4) [sets forth same requirements].) Contact with a tribe must include, at a minimum, 'telephone, facsimile, or electronic mail contact to each tribe's designated agent' and include information 'necessary for the tribe to make a membership or eligibility determination.' (§ 224.2, subd. (e)(3).)" (*D.F.*, at pp. 566-567, fn. omitted.)

Despite the juvenile court ordering the Agency to continue its ICWA investigation and provide notice to the Choctaw tribe, nothing in appellate record shows that the Agency contacted the tribe. The record is also silent on whether the Agency contacted the Bureau of Indian Affairs and the State Department of Social Services for help in identifying any other tribes that Minor may be a member of or eligible for membership in. On this record, we accept the Agency's concession and remand this matter for compliance with ICWA.

The Agency asks, however, that the jurisdiction findings and disposition order be conditionally affirmed, rather than conditionally reversed. The Agency argues conditional affirmance is appropriate because it fully complied with its ICWA duties—it just failed to submit to the juvenile court an updated report showing its communications with the Bureau of Indian Affairs and the Choctaw tribe. We disagree. The appellate record fails to show the ICWA inquiry was properly conducted. We thus "adhere to 'a clear rule that requires reversal in all cases where the ICWA inquiry rules were not followed.'" (*In re G.H.* (2022) 84 Cal.App.5th 15, 32; see also *In re E.V.* (2022) 80 Cal.App.5th 691, 698; *In re A.R.* (2022) 77 Cal.App.5th 197, 207.) And we conditionally reverse the juvenile court's orders and remand the matter for further inquiry and compliance with ICWA.

DISPOSITION

The jurisdiction findings and disposition order are conditionally reversed. The matter is remanded to the juvenile court with directions that within 30 days of

5

issuance of the remittitur the Agency must file a report demonstrating compliance with its duty of further inquiry under ICWA and section 224.2, subdivision (e). Within 45 days of issuance of the remittitur, the court must conduct a hearing to determine whether the Agency's investigation satisfied its duties of inquiry under ICWA, and if it did, to determine whether the court or the social worker knows or has reason to know that Minor may have Native American ancestry. The court may also consider any other ICWA-related issues that may have arisen during this appeal. To expedite matters, we invite the parties to stipulate to the immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).) The court has the discretion to adjust these time periods on a showing of good cause.

The jurisdiction findings and disposition order shall be reinstated if the juvenile court finds that (1) the Agency satisfied its duties of inquiry under ICWA, and (2) the court and the social worker do not know and do not have reason to know that Minor has Native American ancestry. If the court cannot make both findings, it shall proceed accordingly.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

6